[No. 38250. Department One. January 20, 1966.]

RADRICK CONSTRUCTION COMPANY, INC., *Respondent*, v. WALTER DRAKE et al., *Appellants.**

*Schweppe, Reiter, Doolittle & Krug* and *M. A. Marquis,* for appellants.

*Eldon W. Anderson,* for respondent.

PER CURIAM.—Plaintiff construction company recovered judgment from and a decree of lien foreclosure against defendant owners in a suit for work performed and materials furnished in remodeling a kitchen. The judgment grants recovery of $2,512.22, plus interest at 6 per cent

*Reported in 410 P.2d 1.

---

per annum thereon from April 29, 1963, until paid, plus $2 for recording notice of lien claim, plus $1,000 attorney's fee and taxable costs. Defendant owners appeal the judgment on an all-or-nothing basis on the assignment of error that the findings of fact do not support either the conclusions of law or the judgment. Relying exclusively on this contention, appellants provide a short record containing no statement of facts.

The findings of fact state that plaintiff construction company

agreed to furnish all labor and materials to do certain work for the Defendants . . . that the total amount of the work plus extras came to $3,270.84.

That certain work was not done in a good and workmanlike manner which would cost $500.00 to repair and cure plus the amount of $258.52 which is the amount necessary to expend to have the work comply with the City of Seattle Building Code, plumbing and electrical codes.

The court, in computing the amount of the judgment, deducted from the $3,270.84 contract price the sum of $758.52, the latter sum being the amount it found necessary to cure the faulty workmanship and restore the job to building, plumbing and electrical code standards. The court thus granted judgment for $2,512.22 [.32].

Defendants argue that, when, as here, a building contractor undertakes a nonseverable construction contract for $3,270.84 and willfully fails to perform nearly one-fourth ($758.52) thereof, he has not rendered a substantial performance, has failed to complete the contract and is entitled to no recovery whatever upon the contract.

Plaintiff contends that the findings of fact, even though they declare a failure of performance to the extent of $758.52, nevertheless show so substantial a performance of the contract as to entitle it to recover for the work done and materials furnished. Plaintiff further contends that the $758.52 allowed defendants as an offset to plaintiff's contract price reflects the correct measure of recovery for the plaintiff builder.

Because we have no statement of facts, we must look largely to the transcript of record for an understanding of this appeal. We cannot ascertain from the complaint or the findings whether plaintiff sued on *quantum meruit* or to recover upon a substantially performed contract. Nor can we determine if the court allowed judgment for substantial performance or instead on a *quantum meruit* basis. Since this is not clear to us, it follows that it would be unclear to the defendant owners and they could not, with reasonable prudence, tender into court an amount reasonably to be considered fair for the work performed and thus in good faith escape the onerous attorney's fee. Because of this patent ambiguity, we feel that the cause should be reversed and a new trial ordered unless the total judgment allowed, including all items of recovery set forth therein, is reduced in the sum of $1,000, with decree of foreclosure to remain undisturbed in the reduced amount, and with leave granted appellants for a new trial if they feel aggrieved at the judgment as reduced.

It is ordered, therefore, that the cause be and it is remanded for entry of judgment and decree by reducing the same in the sum of $1,000 and granting to appellants a new trial if they are aggrieved at such

reduced judgment and decree. Should appellants request a new trial, leave will be granted respondent to amend its complaint.

So ordered.

---

March 9, 1966. Petition for rehearing denied.